UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOURNEL LOUIS,

    Petitioner,

v.                                                              Case No.:  2:20-cv-135-FtM-38NPM

U.S. ATTORNEY GENERAL,
OFFICER in CHARGE AT KROME
DETENTION FACILITY, and
SEC'Y, DEP'T of HOMELAND
SECURITY,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

Before the Court is a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) constructively filed on December 11, 2019[2] and transferred to this Court on February 28, 2020 (Doc. 9).  The Court dismisses the Petition as premature but first will address the transfer of this case.

### **A.  Jurisdiction and Transfer**

Petitioner Journel Louis first filed the Petition with the United State District Court for the Southern District of Florida (Miami Division) while he was "detained at the Krome Service Processing Center in Miami, FL."  He named multiple respondents, including the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Because the Court is required to apply the mailbox rule, the Court deems a petition "filed" on the date Petitioner signs the petition and certifies it was mailed to this Court. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

"Attorney General of the United States," the "officer in charge at the Krome Detention Center in Miami, Florida," and the "Secretary of the Department of Homeland Security." (Doc. 1 at 1-2). These steps complied with habeas procedure. *See Rumsfield v. Padilla,* 542 U.S. 426, 434-35 (2004).

After a Response from Respondents seeking to substitute the named respondent and dismiss the Petition as premature (Doc. 6), the Southern District transferred the Petition here. (Doc. 9). That district judge adopted a report and recommendation that found the Southern District "lack[ed] jurisdiction to hear Petitioner's case" because he had been transferred from Krome to Moore Haven after filing the Petition. (Doc. 7 at 2). And Moore Haven falls within the Middle District's boundaries.

It is well-settled that jurisdiction attaches upon the initial filing for habeas corpus relief, and it is not destroyed upon transferring petitioner and custodial change.

> Once the court has acquired jurisdiction in a habeas corpus proceeding, such jurisdiction continues until the court has performed all acts necessary to grant all relief as is indicated in its jurisdictional power. Even the release of the prisoner from custody prior to completion of proceedings on the application, or transfer of custody to another person or place, will not divest the court of jurisdiction.

39 C.J.S. Habeas Corpus § 285 (Feb. 2020), *citing inter alia, Ex parte Catanzaro,* 138 F.2d 100, 101 (3d Cir. 1943) ("[W]e do not believe that passing about of the body of a prisoner from one custodian to another after a writ of habeas corpus has been applied for can defeat jurisdiction of the Court to grant or refuse the writ on the merits of the application."). The Supreme Court has affirmed the continuing jurisdiction of the first-filed court once the habeas rule is satisfied:

> *Endo* stands for the important but limited proposition that when the Government moves a habeas petitioner after she

> properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.

*Padilla*, 542 U.S. at 441 (citing *Ex parte Mitsuye Endo*, 323 U.S. 283, 304-306 (1944)[3]). This principle ingrained in habeas law prevents "the Kafkasque[4] specter of supplicants wandering endlessly from one jurisdiction to another in search of a proper forum only to find that it lies elsewhere." *Eisel v. Sec'y of the Army*, 477 F2d. 1251, 1258 (D.C. Cir. 1973); *see also Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (collecting cases). Here, Petitioner has been moved eight times since being released from incarceration and placed in ICE custody. (Doc. 6-1 at 2). And Respondent concedes that Petitioner remains in "an ICE contracted detention facility" despite the recent moved to Moore Haven. (Doc. 1 at n.1).

While there is no *per se* rule that prohibits transferring this action back to the Southern District, the transferee court, as a general rule, should not re-transfer a case "except under the most impelling and unusual circumstances." *In re Crager Industries,*

---

[3] In *Endo*, a Japanese American citizen was interned in California by the War Relocation Authority (WRA) and filed a § 2241 petition in the Northern District of California, naming as a respondent her immediate custodian. After filing the petition, the government moved her to Utah. The Supreme Court held, although the prisoner's immediate physical custodian was no longer within the jurisdiction of the Northern District of California, it "acquired jurisdiction in this case and that [Endo's] removal . . . did not cause it to lose jurisdiction where a person in whose custody she is remains within the district." *Endo*, 323 U.S. at 306. The Court held under these circumstances, the WRA assistant director, who resided in the Northern District, would be an "appropriate respondent" to whom the district court could direct the writ. *Id.* at 304-05.

[4] The term describes an individual's unnecessary complicated and frustrating experiences, especially within a bureaucracy.

706 F. 2d 503, 505 (5th Cir. 1983). So the Court will rule on the Petition's merits to avoid further delay in adjudicating the Petition.

**B. Petition is Premature**

According to the Petition and Response, Petitioner is a native and citizen of the Bahamas. (Doc. 1 at 2; Doc. 6-2). He was taken into custody of ICE on August 12, 2019, after he finished his criminal sentence. (Doc. 1 at 3; Doc. 6-1). On September 10, 2019, an immigration judge ordered Petitioner to be removed to the Bahamas. (Doc. 1 at 2; Doc. 6-4). He waived his right to appeal (Doc. 4-1 at 1), making the order of removal final. *See* 8 C.F.R. § 1241.1(b).

On December 5, 2019, Petitioner's continued detention was reviewed, and he was served with a notice that he would remain in custody pending deportation. (Doc. 6-5). Petitioner claims that he had not yet been deported as of the date on his Petition, despite his full cooperation with immigration officials.

Petitioner does not contest the validity of the order of removal. Rather, he claims his continued detention violates § 241(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1231, because he is unlikely to be departed in the reasonable future. (Doc. 1 at 4, Count One). And Petitioner argues that his continued detention violates the Due Process Clause of the Fifth Amendment. (*Id.* at 4-5, Counts Two-Three). He thus seeks immediate release from confinement. (*Id.* at 6-7).

Because Petitioner claims he is being held in violation of the Constitution or laws of the United States, a federal court has jurisdiction under 28 U.S.C. § 2241(c)(3). *See Zadvydas v. Davis*, 533 U.S. 678, 687-688 (2001). Once a final order of removal has been entered, the "Attorney General" must remove the alien from the United States within

90 days." 8 U.S.C. § 1231(a)(1)(A). Section 1231(a)(6) authorizes continued detention in certain cases beyond this mandatory 90-day period but only for as long as is "reasonably necessary" to effectuate removal. *Id.* at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Id.* at 699.

The Supreme Court has held a six-month period of detention is presumptively reasonable to effectuate removal; after which, an alien is eligible for conditional release if he can show there is "no significant likelihood of removal in the reasonable foreseeable future." *Clark v. Martinez*, 543 U.S. 371, 378 (2005) (quoting *Zadvydas*, 533 U.S. at 701). This six-month presumptively reasonable period must have expired at the time of filing a petition. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

When Petitioner filed the Petition, the presumptive reasonable period had not yet expired. Because his order of removal was not final until September 10, 2019, the 180-days will not expire until March 8, 2020. Thus, when he filed the Petition, Petitioner had been in custody only 92 days, much less than the 180-day presumptive reasonable period. The Court dismisses the Petition without prejudice as premature. If Louis is still in custody at the expiration of the 180-day period, he may file a new Petition, accompanied by the requisite filing fee or motion to proceed *in forma pauperis*, if he wishes to contest his continued detention.[5]

Accordingly, it is

**ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without**

---

[5] Detention in excess of the six-month period alone is not enough to warrant relief. A petitioner must also set forth "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. at 701.

**prejudice** as premature.

2. The Clerk of Court is **DIRECTED** to terminate any pending motions, enter judgment, and close this case.

3. Because it is unclear where Petitioner is currently detained, the Clerk is **DIRECTED** to forward a copy of this Order to Petitioner at the Krome address provided in Respondent's certificate of service of its Response (Doc. 6 at 5), and at the address for the Glades County Detention Bureau in Moore Haven, Florida, the place Respondent states Petitioner was detained at the time it filed its Response. (*Id.* at 1, n.1).

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of March 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

6